

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4210 | **DATE** | 10/20/2003 |
| **CASE TITLE** | DIPAK BHAYANI vs. SUE SOOD and REALTY SOUTH, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Memorandum Opinion And Order.  Defendants' objections to the bankruptcy court's findings of fact and conclusions of law are denied.

(11)  ■  [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

| LG | courtroom deputy's initials |
|---|---|

number of notices

OCT 21 2003
date docketed

docketing deputy initials

date mailed notice

Document Number

/D

CLERK
U.S. DISTRICT COURT
03 OCT 20 PM 4:26
FILED
Date/time received in central Clerk's Office

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DIPAK BHAYANI,               )
                            )
               Plaintiff,    )
                            )
     vs.                     )     No. 03 C 4210
                            )  (Adversary No. 01 A 875)
SUE SOOD and REALTY SOUTH, INC. d/b/a )
REALTY EXECUTIVES SOUTH, INC.,        )
                            )
               Defendants.   )

**DOCKETED**
OCT 2 1 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Dipak Bhayani brought this action as an adversarial proceeding against defendants Sue Sood and Realty South, Inc. d/b/a Realty Executives South, Inc., in the Bankruptcy Court for the Northern District of Illinois, alleging breach of fiduciary duty and violations of the Illinois Real Estate License Act of 2000, 225 ILCS 454/1 *et seq.* (IRELA). On June 5, 2003, Judge Jack B. Schmetterer issued his findings of fact and conclusions of law. Defendants filed objections to the bankruptcy court's findings, arguing that they were based entirely on impermissible hearsay evidence. For the following reasons, defendants' objections are denied.

Bhayani, a Chapter 13 debtor, brought this complaint against defendants alleging that Sood violated IRELA when she purchased a parcel of land for $37,000 after Bhanyani had hired her to represent him in the purchase of that same piece of property. In support of his claim for damages, Bhayani sought to introduce a letter of intent from Wendy's, a fast-food restaurant chain, in which Wendy's indicated that it was interested in purchasing the property along with an adjacent lot already owned by Bhayani. This letter was not admitted into evidence at trial after defendants' counsel objected on the grounds that it was hearsay.

Bhayani did successfully introduce the deposition testimony of George Paluch, a commercial real estate broker who frequently works with fast-food restaurant chains. In his deposition, Paluch testified that the land owned by Bhayani was worth about $25,000 without the adjacent lot. Together, however, he testified that the two parcels of land had a value of $350,000. Paluch also testified that Wendy's backed out of a deal with Bhayani after learning that the second parcel had been purchased by Sood. Defendants' counsel did not object to the deposition testimony of Paluch when offered into evidence at trial.

On June 5, 2003, the bankruptcy court issued its findings of fact and conclusions of law recommending a judgment in favor of Bhayani against defendants in the amount of $288,000. In determining this amount, the court found that the value of the land was $350,000 and subtracted the value of Bhayani's land ($25,000) and the cost of the parcel purchased by Sood ($37,000).

Pursuant to Fed.R.Bankr.P. 9033(b) defendants had a 10-day period following the issuance of the findings in order to file objections, but failed to do so. Bankruptcy courts are allowed to extend this period for an additional 20 days if the moving party makes a showing of excusable neglect. On July 7, 2003, after retaining new counsel, defendants filed a motion for leave to file late objections to the findings. On July 16, 2003, the bankruptcy court denied their motion, finding that defendants failed to demonstrate excusable neglect. On September 3, 2003, defendants filed these objections, arguing that the bankruptcy court improperly relied on hearsay evidence in reaching its finding that the value of the land was $350,000.

We are not given any good reason for overturning the bankruptcy court's ruling that the objections were untimely. Moreover, setting aside the timing issues, we find that defendants' objections fail on the merits. Although Paluch was not listed as an expert witness,

his deposition testimony was a combination of fact and opinion. His testimony was, however, admitted without objection. He stated in his deposition that he believed the value of the land (both parcels together) to be $350,000. He based this conclusion on his knowledge of the land and experience in dealing with similar fast-food chains, as well as his conversations with Wendy's. The fact that he mentioned the letter from Wendy's does not disqualify his findings as to the value of the land. The trial court's determination that the land was valued at $350,000 therefore has substantial support in the record. Defendants also submitted no evidence at trial to contradict Paluch's valuation of the land.

We also note that defendants' proposed valuation of the land has no support in the record. They argue that the damages should be $37,000, the amount paid by Sood for the second parcel of land. We fail to see how Bhayani could have suffered damages in this amount. Even accepting defendants' contention that the price paid by Sood represents its value, this does not take into consideration Bhayani's costs of acquiring the land or the potential value of the parcels of land when put together.

The trial court's approach to the damages issue was correct. Bhayani was damaged to the extent that Sood's actions prevented him from capitalizing on the value of the land. The evidence in the record clearly supports the conclusion that this amount was $288,000.

## CONCLUSION

For the foregoing reasons, defendants' objections to the bankruptcy court's findings of fact and conclusions of law are denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 20 , 2003.